# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ENCHANTED IP LLC,**<br><br>       **Plaintiff,**<br><br>   v.<br><br>**MOPHIE, INC.,**<br><br>       **Defendant,** | **Patent Civil Action No. 8:19-cv-1648**<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Enchanted IP LLC ("Enchanted" or "Plaintiff"), through its undersigned attorneys, sues Defendant, Mophie, Inc. ("Mophie" or "Defendant"), and alleges:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent No. 6,194,871, ("the '871 patent"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281. This action relates to the unauthorized making, using, offering for sale, selling, and/or importing of unauthorized products that infringe the claims of the '871 patent. As set forth herein, Plaintiff brings this action to enjoin Defendant from infringing the '871 patent and to recover all damages associated with the infringement of the '871 patent, including attorneys' fees and costs.

## PARTIES

2. Enchanted is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 6205 Coit Rd, Ste 300 - 1030, Plano, TX 75024-5474.

3. Upon information and belief, Mophie is a corporation organized and existing under the laws of the State of California, having a principal place of business and its headquarters at 15101 Red Hill Avenue, Tustin, CA 92780.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391, and 1400(b).

5.     Upon information and belief, this Court has personal jurisdiction over Mophie, because, *inter alia*, Mophie has a principal place of business in this district.

6.     Upon information and belief, Mophie regularly and continuously transacts business within the State of California, including availing itself of the privilege of conducting business in the State of California by developing, manufacturing, marketing, and/or selling its Mophie products there for use by California citizens. Upon information and belief, Mophie derives substantial revenue from its sales including residents in the State of California.  For instance, Mophie offers its products for sale online to customers, including customers in California. *See* http://www.mophie.com/shop/6b1fdc282f2022e699cf39f3fece6998.

7.     Upon information and belief, Mophie will directly and/or through its employees or agents, and/or its customers, uses products, as defined below, that contain each and every element of at least one claim of the '871 patent with the knowledge and/or understanding that such products are used or will be used in this District. For example, Defendant offers the accused product to customers in California through its website.  *See id*.  Upon information and belief, Defendant has engaged in substantial and not isolated activity within the district.  For these reasons, exercise of jurisdiction over Defendant is proper and will not offend traditional notions of fair play and substantial justice.

8.     Regarding at least some of its activities, Defendant solicits business from and markets its products to consumers within California by providing a product that verifies an assignment of a user, as described in the '871 patent.

COMPLAINT FOR PATENT INFRINGEMENT

9.     In addition to Defendant's continuously and systematically conducting business in California, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the State of California including Defendant's use of a charge and discharge control circuit for an external secondary battery, as described in the '871 patent.

10.     Defendant is a company that has a regular and established presence in the district and makes and uses a product that is a charge and discharge control circuit for an external secondary battery that meets each and every claims of at least claim of the '871 patent.

11.     For the reasons set forth above, venue is proper in this judicial district under both 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this district.

## BACKGROUND

12.     On February 27, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '871 patent, entitled "Charge and discharge control circuit and apparatus for secondary battery" after a full and fair examination. *See* Exhibit A.

13.     Enchanted is presently the owner of the patent, having received all right, title and interest in and to the '871 patent from the previous assignee of record. Therefore, Enchanted, as the owner of the entire right, title and interest in the '871 patent, possesses the right to sue for infringement of the '871 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## THE '871 patent

14.     The '871 patent contains a total of eighteen (18) claims: two (2) independent claims and sixteen (16) dependent claims.

15.     The '871 patent claims a charge and discharge control circuit for an external secondary battery.

16.     Defendant commercializes, inter alia, charge and discharge control circuit for an external secondary battery that include each and every element and/or performs each and every step of at least one claim of the '871 patent

17.     The '871 patent will expire no earlier than April 24, 2020.

18.     The '871 patent discloses and claims, in part, an invention that "relates to a charge and discharge control circuit and an apparatus for preventing overcharge and overdischarge in a secondary battery pack such as a lithium-ion secondary battery used in various types of portable equipment. The present invention particularly relates to a charge and discharge control circuit and an apparatus which are optimum in view of battery life and ensuring the safety of a battery." *See* Exhibit A at Col. 1, lines 8-14.

19.     The invention disclosed and claimed in the '871 patent solved at least one technical issue associated with the art of battery life and battery safety.  For example, the invention provides "a charge and discharge control circuit an apparatus for a secondary battery capable of simultaneously solving the two problems in conformity with each other, i.e., preventing a battery from being erroneously charged by another battery pack even if a plurality of battery packs are connected in parallel and, at the same time, recharging the battery even after battery voltage is completely discharged." *See id.* at Col. 4, lines 39-46.  As such, the invention disclosed and claimed in the '871 patent represents a technical solution to a problem charging and discharging of battery technology.

## INFRINGEMENT BY MOPHIE AND ITS CUSTOMERS

20.     The accused products include, but are not limited to, Mophie's Juice Pack Reserve product ("the Accused Products").  Mophie makes, offers for sale, sells, and/or imports the Accused Product.  This constitutes direct infringement by Mophie of the claims.  *See* Exhibit A.

21.     The Accused Product has all of the elements recited in claim 1 of the '871 patent.  http://www.mophie.com/shop/6b1fdc282f2022e699cf39f3fece6998. Specifically, the Accused Product is an external battery-based power supply which

1  comprises charge and discharge control circuit (e.g., circuit for overcharge, short
2  circuit and temperature protection) for an external secondary battery (e.g., a battery
3  pack of the phone the device is charging).   *Id.*; *see also*
4  http://www.mophie.com/cms/files/support/PWRSTION-JP_Digital_RESREVE-
5  M_User_Manual_042313.pdf; http://blog.ravpower.com/2018/10/leave-phone-
6  connected-to-power-bank/; http://blog.ravpower.com/2018/09/busting-myths-about-
7  power-banks/.



## Power meets portability.

The juice pack reserve micro is a compact external battery made for smartphones and micro USB devices. With hidden cables and cased in an aesthetic fit for on-the-go style enthusiasts, you'll be sure to travel light. Compatibility chart ▸

Give your smartphone extended battery life. Its lightweight, compact design with a convenient key ring means you're always ready for a quick charge whenever you need it.

**Here's a rundown of why the juice pack is so fantastic:**

1. No cables required! Flexible cable and hidden USB connector stay concealed until you're ready to charge.
2. Smart battery technology automatically turns power on when the reserve is connected to your device and turns off when disconnected.
3. Uses breakthrough rechargeable lithium polymer battery. (Much safer than those troublesome lithium-Ion batteries).
4. Track battery power status at a glance with an integrated LED power indicator. Indicates charging mode and current battery life. Know before you go!
5. Rechargeable for over 500 cycles. (These are FULL cycles. Partial cycles don't count as full. So, you can charge your juice pack 10% of the way ten times before you get to a complete cycle. Don't be afraid to top it off.)
6. Built-in short circuit, over-charge and temperature protection. Safety First!

## Overcharge Protection

That idea of a battery significantly degrading due to overcharging **was viable years back**. This however **doesn't apply to the modern devices and power banks**, at least if you use the right one.

Quality power banks feature **overcharge protection.** This is a form of technology that protects your phone battery from overcharging when connected to a power bank. It involves putting in place a power circuit that detects the upper limit of the terminal voltage. When the circuit realizes that your battery has reached its limit, **voltage is cut off**. This means that your power bank will not continue charging a full battery, averting the concern whether your phone is safe when connected to a power bank.



22.    Upon information and belief, the charge and discharge control circuit make an external charge control switch nonconductive (e.g., stop power bank from continuing to charge a phone) based on an overcharge state of the external secondary battery that is detected (e.g., a device that is outside the protection range) and interrupts a charge operation of the external secondary battery.
http://www.mophie.com/shop/6b1fdc282f2022e699cf39f3fece6998;

http://www.mophie.com/cms/files/support/PWRSTION-JP_Digital_RESREVE-M_User_Manual_042313.pdf; http://blog.ravpower.com/2018/10/leave-phone-connected-to-power-bank/; http://blog.ravpower.com/2018/09/busting-myths-about-power-banks/.

23.   The Accused Product includes a charge control element (e.g., circuit for overcharge, short circuit and temperature protection) for making the charge control switch conductive (e.g., automatically turns power on when the reserve is connected to a smartphone device) when a first voltage not less than a predetermined voltage (e.g., minimum voltage required to identify connection of a device) is applied to a detection terminal for detecting whether a charger is connected thereto or not, thereby making the charge operation of the secondary battery possible.

http://www.mophie.com/shop/6b1fdc282f2022e699cf39f3fece6998;

http://www.mophie.com/cms/files/support/PWRSTION-JP_Digital_RESREVE-M_User_Manual_042313.pdf; http://blog.ravpower.com/2018/10/leave-phone-connected-to-power-bank/; http://blog.ravpower.com/2018/09/busting-myths-about-power-banks/.

24.   The Accused Product includes a charge control element (e.g., circuit for overcharge, short circuit and temperature protection) for making the charge control switch nonconductive (e.g., stopping the power bank from continuing to charge a phone) when a second voltage not more than the predetermined voltage (e.g., voltage must be less than the overcharge detection threshold voltage)  is applied to the detection terminal, thereby making the charge operation of the secondary battery (e.g., a battery pack of the phone) impossible.

http://www.mophie.com/shop/6b1fdc282f2022e699cf39f3fece6998;

http://www.mophie.com/cms/files/support/PWRSTION-JP_Digital_RESREVE-M_User_Manual_042313.pdf; http://blog.ravpower.com/2018/10/leave-phone-connected-to-power-bank/; http://blog.ravpower.com/2018/09/busting-myths-about-power-banks/.

7

1    25.    The Accused Product provides inbuilt overcharge protection.   Upon

2  information and belief, in order to prevent a connected external device from

3  overcharging, the Accused Product disconnects the charge control switch when the

4  predetermined threshold voltage or the slightly less than the predetermined would be

5  detected http://www.mophie.com/shop/6b1fdc282f2022e699cf39f3fece6998;

6  http://www.mophie.com/cms/files/support/PWRSTION-JP_Digital_RESREVE-

7  M_User_Manual_042313.pdf; http://blog.ravpower.com/2018/10/leave-phone-

8  connected-to-power-bank/; http://blog.ravpower.com/2018/09/busting-myths-about-

9  power-banks/.

# Power meets portability.

The juice pack reserve micro is a compact external battery made for smartphones and micro USB devices. With hidden cables and cased in an aesthetic fit for on-the-go style enthusiasts, you'll be sure to travel light. Compatibility chart ▸

Give your smartphone extended battery life. Its lightweight, compact design with a convenient key ring means you're always ready for a quick charge whenever you need it.

## Overcharge Protection

That idea of a battery significantly degrading due to overcharging **was viable years back**. This however **doesn't apply to the modern devices and power banks**, at least if you use the right one.

Quality power banks feature **overcharge protection.** This is a form of technology that protects your phone battery from overcharging when connected to a power bank. It involves putting in place a power circuit that detects the upper limit of the terminal voltage. When the circuit realizes that your battery has reached its limit, **voltage is cut off**. This means that your power bank will not continue charging a full battery, averting the concern whether your phone is safe when connected to a power bank.

COMPLAINT FOR PATENT INFRINGEMENT



26.    As shown in paragraphs 1 through 25 above, the Accused Product as installed on a mobile device contains all of the elements of at least claim 1 of the '871 patent. Defendant's Accused Product is enabled by invention described and claimed in the '871 patent.

## COUNT I

### (DIRECT INFRINGEMENT OF THE '871 PATENT BY MOPHIE)

27.    Each of the preceding paragraphs 1 through 26 are realleged and incorporated as if fully set forth.

28.    In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '871 patent.

29.    Defendant has had knowledge of infringement of the '871 patent, or will have knowledge of infringement of the '871 patent upon the service of this Complaint. Defendant's infringement of the '871 patent will thus be knowing and intentional at least upon the service of this Complaint.

30.     Defendant has directly infringed and continues to directly infringe at least claim 1 of the '871 patent by making, using, offering to sell, selling, and/or importing the Accused Product with a mobile device without authority in the United States. Defendant does not have a license or authorization to use any product covered by the claims of the '871 patent.

31.     As a direct and proximate result of Defendant's direct infringement of the '871 patent, Plaintiff has been and continues to be damaged.

32.     By engaging in the conduct described herein, Defendant has injured Enchanted and is thus liable for direct infringement of the '871 patent, pursuant to 35 U.S.C. § 271(a).

33.     As a result of Defendant's infringement of the '871 patent, Enchanted has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

34.     If infringement of the '871 patent by Mophie is not enjoined, Enchanted will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

35.     Enchanted demands a trial by jury of all causes of action that are so triable.

## REQUEST FOR RELIEF

WHEREFORE, Enchanted respectfully requests that this Court grant the following relief:

1.     That Defendant be adjudged to have infringed the '871 patent directly, literally and/or under the doctrine of equivalents;

2.     An order permanently enjoining Mophie, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or

10

COMPLAINT FOR PATENT INFRINGEMENT

importing into the United States, the Accused Product, any component of the Accused Product that constitutes a material part of the claimed invention, or any product that infringes the '871 patent until after the expiration date of the '871 patent, including any extensions and/or additional periods of exclusivity to which Enchanted is, or becomes, entitled;

3.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Enchanted for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. §284;

5.     That Defendant's infringement after service of this Complaint is intentional and knowing infringement and the assessment of three times the damages found for infringement after service of this Complaint, in accordance with 35 U.S.C. §284;

6.     That Defendant be directed to pay enhanced damages, including Enchanted's attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

7.     Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.

Dated: August 27, 2019                        Respectfully submitted,

OF COUNSEL:                                    /s/ *Ryan E. Hatch*
                                               Ryan E. Hatch
David A. Chavous, Esq.                         ryan@ryanehatch.com
(Application for Admission *Pro Hac Vice*      Law Office of Ryan E. Hatch, PC
to be filed)                                   13323 Washington Blvd., Suite 100
CHAVOUS INTELLECTUAL                           Los Angeles, CA 90066
PROPERTY LAW LLC                               Work: 310-279-5076

11

793 Turnpike Street, Unit 1
North Andover, MA 01845
Phone: (978) 655-4309
Fax: (978) 945-0549
dchavous@chavousiplaw.com

Mobile: 310-435-6374
Fax: 310-693-5328

*Attorneys for Plaintiff*
*Enchanted IP LLC.*

COMPLAINT FOR PATENT INFRINGEMENT