Ryan E. Hatch (SBN 235577)
Law Office of Ryan E. Hatch, PC
13323 W. Washington Blvd., Suite 100
Los Angeles, CA 90066
ryan@ryanehatch.com

*Attorney for Plaintiff Enchanted IP LLC.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCHANTED IP LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>MOPHIE, INC.,<br><br>**Defendant,** | Case No. 8:19-cv-01648-JLS-ADS<br><br>Judge: Hon. Josephine L. Staton<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

WHEREAS, the interests of the parties to the above-captioned action (the "Litigation"), and the proprietary activities in which they are engaged, would be jeopardized if non-public technical, product development, marketing, strategic, planning, financial, and other confidential, competitively sensitive information and/or documents were to be disclosed publicly;

NOW, THEREFORE, subject to the approval of the Court, pursuant to Fed. R. Civ. P. 26(c), Plaintiff Enchanted IP LCC ("Plaintiff"), and Defendant mophie, Inc. ("Defendant") (collectively, the "Parties") stipulate and agree that the following provisions in this Stipulated Confidentiality and Protective Order ("Order") shall govern the production and/or use of documents, deposition testimony, deposition

exhibits, responses to interrogatories, requests for admission, and all other information and material (collectively "Discovery Material") produced or disclosed by a Producing Party (as defined below) in connection with this Litigation.

**General Provisions**

1. This Order shall govern the handling of all RESTRICTED MATERIALS in the above-captioned matter.

2. For purposes of this Order, RESTRICTED MATERIALS shall comprise all materials, including documents, deposition transcripts, and written discovery responses, which have been designated by a producing party as: (a) "CONFIDENTIAL" in accordance with paragraphs 5–10 of this Order; or (b) "ATTORNEYS' EYES ONLY" in accordance with paragraphs 11– 16 of this Order.

3. For purposes of this Order, a "Producing Party" shall mean any party to this litigation who produces or discloses information or materials pursuant to a discovery request in this litigation. The term "Producing Party" shall also include any non-party witness who produces or discloses confidential or proprietary information pursuant to a discovery request in this litigation and who indicates that it wishes to afford itself of the protections of this Order by executing the certificate attached as Exhibit 1 hereto. The term "Receiving Party" shall mean any person to whom information or materials are produced or disclosed in this litigation.

4. Each person who receives RESTRICTED MATERIALS from a Producing Party pursuant to this Order shall use the RESTRICTED MATERIALS solely for

2
STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

purposes of preparing for and conducting the Litigation, and shall not use the RESTRICTED MATERIALS for any other purpose whatsoever (including, without limitation, any business or commercial purpose or other litigation). No person who receives RESTRICTED MATERIALS from a Producing Party pursuant to this Order shall disclose the RESTRICTED MATERIALS to any other person except as authorized by the express terms of this Order.

**Confidential Information**

5. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall refer to documents, written discovery responses, deposition testimony, electronic media and all other materials produced to a party during this litigation which have been designated as "CONFIDENTIAL" in the manner set forth herein. Any copies, summaries or analyses of materials designated as "CONFIDENTIAL" shall also be treated as CONFIDENTIAL INFORMATION.

6. A Producing Party may designate a document or written discovery response as "CONFIDENTIAL" either: (a) by marking each page of the document, or the portions of the document which are believed to warrant confidentiality protection, with the word "CONFIDENTIAL" at the time the document is produced; and/or (b) by giving written notice to counsel for the receiving party within thirty (30) days after production that the document should be considered "CONFIDENTIAL." In the event that a document is designated "CONFIDENTIAL" after its initial production, in accordance with the provisions of Paragraph 6(b), the Producing Party shall also

provide a new copy of the document, marked with the word "CONFIDENTIAL," and the receiving party shall return or destroy the unmarked document that was initially produced, along with any codes or duplicates thereof.

7. A Producing Party may explicitly designate all or part of a deposition transcript as CONFIDENTIAL INFORMATION either: (a) by stating on the record at the deposition that all or part of such testimony is "CONFIDENTIAL;" and/or (b) by giving written notice to each other counsel present at the deposition within thirty (30) days after receipt of the deposition transcript of the parts of the testimony that should be considered "CONFIDENTIAL." In either of the foregoing instances, the stenographer shall be instructed to place the word "CONFIDENTIAL" on the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL INFORMATION. Unless otherwise arranged in advance, or stated on the record during the deposition, the Parties shall treat all deposition testimony as CONFIDENTIAL INFORMATION until thirty (30) days after receipt of the deposition transcript, in order to give the Producing Party an opportunity to designate the portions of the material that should be considered "CONFIDENTIAL," pursuant to Paragraph 7(b), above. In addition, unless otherwise arranged in advance by the Parties, attendance at any deposition shall be limited to those persons entitled to receive "CONFIDENTIAL" material, pursuant to this Order.

8. A Producing Party shall not designate information, documents, or testimony as CONFIDENTIAL INFORMATION unless the party's counsel believes in good

4

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

faith that the designated material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections set forth in this Order.

9. Access to CONFIDENTIAL INFORMATION shall be strictly limited to: (a) the Court, including any appellate court, and Court personnel engaged in assisting the Court in its adjudicative functions; (b) stenographic reporters or video operators; (c) each party's outside counsel who have appeared in this action and are representing parties in this litigation, and the paralegal, secretarial and other employees of that counsel's firm who are assisting in the prosecution of this litigation; (d) outside photocopying or document management services; (e) each party's duly elected and/or appointed corporate officers and in-house counsel; (f) present employees of each party who are actively engaged in assisting and/or advising outside counsel regarding the conduct of this litigation, or who have been noticed to appear in this Litigation as deposition or trial witnesses;; (g) experts and other consultants who have been retained by a party's counsel to assist in the valuation, prosecution, or defense of this action; (h) the authors and recipients of a document, if named therein; and (i) any person to whom the Producing Party agrees may be shown CONFIDENTIAL INFORMATION. Notwithstanding the above, nothing herein shall prevent any Producing Party from publicly disclosing its own CONFIDENTIAL INFORMATION as it deems appropriate.

10. All persons to whom disclosure is contemplated under paragraphs 9(f), and 9(g) shall be informed of the terms of this Order prior to receiving CONFIDENTIAL

INFORMATION, and shall agree to be bound by the terms and conditions of this Order by signing a certificate in the form attached hereto as Exhibit 1.

### Attorneys' Eyes Only

11. For purposes of this Order, "ATTORNEYS' EYES ONLY" shall refer to documents, written discovery responses, deposition testimony, electronic media, and all other materials produced to a party during the discovery in this litigation which contains extremely confidential and proprietary information, and which a Producing Party has designated as "ATTORNEYS' EYES ONLY" in the manner set forth herein. Any copies, summaries or analyses of material designated "ATTORNEYS' EYES ONLY" shall also be treated as if designated "ATTORNEYS' EYES ONLY."

12. A Producing Party may designate a document or written discovery response as "ATTORNEYS' EYES ONLY" either: (a) by marking each page of the document, or the portions of the document to be designated ATTORNEYS' EYES ONLY , with the words "ATTORNEYS' EYES ONLY" at the time the document is produced; or (b) by giving written notice to counsel for the receiving party within ten (10) days after production that the document should be considered ATTORNEYS' EYES ONLY. In the event that a document is designated ATTORNEYS' EYES ONLY after its initial production, in accordance with the provisions of Paragraph 12(b), the Producing Party shall also provide a new copy of the document, marked with the words ATTORNEYS' EYES ONLY, and the receiving party shall return or destroy the unmarked document that was initially produced, along with any copies or duplicates thereof.

13. A Producing Party may designate all or part of a deposition transcript as ATTORNEYS' EYES ONLY either: (a) by stating on the record at the deposition that all or part of such testimony is "ATTORNEYS' EYES ONLY;" or (b) by giving written notice to each other counsel present at the deposition within thirty (30) days after receipt of the deposition transcript of the parts of the testimony that should be considered "ATTORNEYS' EYES ONLY." In either of the foregoing instances, the stenographer shall be instructed to place the words, "ATTORNEYS' EYES ONLY" on the first page and all portions of the original and all copies of the transcript containing "ATTORNEYS' EYES ONLY" information. If a Party states, on the record, that all or part of particular testimony is "ATTORNEY'S EYES ONLY," pursuant to Paragraph 13(a), above, then attendance at the deposition, or the portion of the deposition so designated, shall be limited to those persons who are entitled to receive "ATTORNEY'S EYES ONLY" material under this Order.

14. A Producing Party shall not designate information, documents, or testimony as "ATTORNEYS' EYES ONLY" unless the party's counsel believes in good faith that the designated material contains extremely confidential or sensitive proprietary information that requires the protections set forth in this Order.

15. Except upon further order of the Court or express written consent of the counsel for the Producing Party, disclosure of documents and information designated ATTORNEYS' EYES ONLY, and any information contained therein, shall be restricted to: (a) the authors or recipients of the document, if named therein; (b) outside

counsel who have appeared in this action and are representing parties in this litigation, and the paralegal, secretarial and other employees of that counsel's firm who are assisting in the prosecution of this litigation; and (c) persons identified in paragraphs 9(a), 9(b), and 9(g) of this Order. In addition, notwithstanding the above restrictions, material designated ATTORNEYS' EYES ONLY may be used by any party to this litigation in deposing any current or former director, officer, or employee of the Producing Party.

16. If disclosure of material designated ATTORNEYS' EYES ONLY is made available under paragraph 15(c) to experts or other consultants who have been retained by a party's counsel to assist in the valuation, prosecution, or defense of this action, those persons shall be informed of the terms of this Order prior to receiving the material designated ATTORNEYS' EYES ONLY, and shall agree to be bound by the terms and conditions of this Order by signing a certificate in the form attached hereto as Exhibit 1.

**Expert Disclosure / Objection Provisions**

17. The party seeking approval of an independent expert or consultant must provide the Producing Party with a written notification, which includes the name and curriculum vitae of the proposed independent expert or consultant that includes a description of the expert or consultant's employment and consulting history during the past four years, identification of all matters within the past four years in which the expert testified at trial or by deposition, identification of any previous or current relationship

with any of the parties or any competitors in the field of battery chargers or phone cases, and an executed copy of the form attached hereto as Exhibit 1, at least seven (7) calendar days in advance of providing any RESTRICTED MATERIALS of the Producing Party to the expert or consultant.

18. If the Producing Party does not convey an objection to the proposed disclosure within seven (7) calendar days of receipt of the written notification, the Producing Party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

19. If within seven (7) calendar days of receipt of the written notification, the Producing Party gives notification of its objection to the disclosure of RESTRICTED MATERIALS to the expert or consultant identified by written notice, there shall be no disclosure to the expert/consultant at issue until such objection is resolved. The objection shall state the reasons why the Producing Party believes the identified individuals should not receive RESTRICTED MATERIALS.

20. If after meeting and conferring, the Parties do not otherwise resolve the dispute, the Producing Party must seek relief from the Court, by way of filing a motion within fourteen (14) days of the meet and confer. The filing and pendency of any such motion shall not limit, delay, or defer any disclosure of the RESTRICTED MATERIALS to persons as to whom no such objection has been made, nor shall it delay

or defer any other pending discovery. If the Producing Party does not seek relief from the Court within this time period, the objection shall deemed to be resolved.

### Additional Provisions

21. If a Receiving Party intends to file or reference RESTRICTED MATERIALS in a court paper, or otherwise in connection with the Action, the Receiving Party shall give reasonable advance notice to the Producing Party of its intention to do so. In addition, a Party that seeks to file under seal any RESTRICTED MATERIALS must comply with Civil Local Rule 79-5. RESTRICTED MATERIAL may only be filed under seal pursuant to a court order authorizing the sealing of the specific RESTRICTED MATERIALS at issue.

22. The use of or disclosure of RESTRICTED MATERIAL at trial or any hearing in the Action may take place only after suitable safeguards are provided by the Court. In the event that any RESTRICTED MATERIAL is used in any Court proceeding in this action, it shall not lose its status through such use.

23. Within sixty (60) days after the termination of this action, including any appeals, or at such other time as the parties agree, each party shall return all RESTRICTED MATERIALS to the Producing Party or destroy such materials and certify in writing to the Producing Party that they have been destroyed. Counsel may retain their work product, such as pleadings, correspondence, and memoranda, which contain or refer to RESTRICTED MATERIALS, provided that all such RESTRICTED

MATERIALS shall remain subject to this Order and shall not be disclosed to any person except as permitted by this Order.

24. This Order is entered without prejudice to the right of any party, including any Producing Party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided in any of the preceding paragraphs hereof. This Court may make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Order, including, without limitation, any orders modifying, extending, limiting or vacating any or all of the provisions contained herein.

25. Entering into this Order, producing and/or receiving CONFIDENTIAL or ATTORNEY'S EYES ONLY material, or otherwise complying with the terms of this Order, shall not (a) constitute an admission by any Party that any particular CONFIDENTIAL or ATTORNEY'S EYES ONLY material contains or reflects trade secrets or any other type of confidential information; (b) prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY; or (c) prevent a Party from filing an appropriate motion requesting that the Court determine whether particular RESTRICTED MATERIAL has been properly designated by the Producing Party, or is subject to this Order. Should any Party wish to bring a motion pursuant to

this Paragraph 25(c), that Party shall first request in writing that the Producing Party change its designation; and shall file its Motion only if the Producing Party refuses, within three (3) days thereafter, to assent to this request. On such a Motion, the Producing Party shall have the burden of proving that the RESTRICTED MATERIAL whose designation has been challenged by the receiving Party was, in fact, properly designated.

26. The inadvertent or mistaken disclosure of any RESTRICTED MATERIAL by a Producing Party, without the designation required under Paragraphs 6, 7, 14, or 15, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving party within five days after the Producing Party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each Party to whom RESTRICTED MATERIAL was inadvertently disclosed; and, upon receipt of these properly marked documents, the receiving party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

27. Any person or other entity that joins or is joined in this Litigation as a Party shall have access to RESTRICTED MATERIALS, in accordance with the provisions of this Order, upon executing and filing with the Court a declaration in which the new Party and its counsel agree to be fully bound by the terms of this Order.

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

28. In the event that any RESTRICTED MATERIALS shall be demanded, from a receiving party, by means of (a) a subpoena in another legal action, or (b) a demand in another action in which the receiving party is a Party, the Party receiving the subpoena or demand shall promptly provide to the Producing Party (no later than forty-eight hours after receiving the subpoena, demand, or legal process) written notice and a copy of such subpoena, demand, or legal process. In addition, the receiving party shall timely object and decline to produce the RESTRICTED MATERIALS except as ordered by a court of competent jurisdiction. Should the party seeking access to the RESTRICTED MATERIALS take action against the receiving party to enforce the subpoena, demand or other legal process, the receiving party shall respond by advising said person, and the Court having jurisdiction over the subpoena, demand, or other legal process, of the existence of this Order. However, nothing contained herein shall be construed as requiring the receiving party to challenge or appeal any order of a court of competent jurisdiction requiring production of RESTRICTED MATERIALS, or to subject itself to penalties for non-compliance with such court order, or to seek relief from this Court.

29. A party may, subject to the Rules of Evidence, and further orders of the Court, use any RESTRICTED MATERIALS for any purpose at trial, or at any hearing before a judicial officer in this litigation, provided that reasonable notice is given to counsel for the party who produced the RESTRICTED MATERIAL, and provided further that such counsel may, at the time of such proposed use, and prior to the

disclosure of the RESTRICTED MATERIAL, move for an appropriate protective order.

30. This Order may be amended by the agreement of counsel for the parties in the form of a written amendment signed by counsel, then filed with the Court for approval.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 21, 2020     LAW OFFICE OF RYAN E. HATCH, PC

By: /s/ *Ryan E. Hatch*
       Ryan E. Hatch

*Attorney for Plaintiff Enchanted IP LLC.*

Dated: February 21, 2020     KNOBBE, MARTENS, OLSON & BEAR, LLP

By: /s/ *Mark D. Kachner*
       Mark D. Kachner

*Attorney for Defendant mophie, Inc.*

IT IS SO ORDERED.

DATED: 2/24/2020     _____/s/ Autumn D. Spaeth_____
       Hon. Autumn D. Spaeth
       UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Enchanted IP LLC v. mophie, Inc.*, Case No. 8:19-cv-01648. I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality and Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 21, 2020

                               */s/ Ryan E. Hatch*
                               Ryan E. Hatch

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 21, 2020, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

*/s/ Ryan E. Hatch*
Ryan E. Hatch